UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| KELLY OTTERNESS, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 4:14-cv-04106-SLD-JEH |
| v. | ) ) |
| PLA-FIT FRANCHISE, LLC, and MBM FITNESS MANAGEMENT LLC, | ) ) ) |
| Defendants. | ) |

ORDER

On December 30, 2014, Defendants PLA-FIT Franchise, LLC ("PLA-FIT") and PF East Moline, LLC ("PF East Moline"), incorrectly sued as MBM Fitness Management, LLC, filed a Notice of Removal, ECF No. 1, with this Court. The Court ORDERS Defendants to file an amended notice of removal. Defendant PLA-FIT's Motion for Extension of Time to File Answer, ECF No. 4, is FOUND MOOT.

**DISCUSSION**

**I.    Legal Standard**

A defendant seeking removal to a federal district court has the burden of establishing subject matter jurisdiction, just as he would have had he filed a complaint in federal court. 28 U.S.C. § 1441; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Removal is proper when jurisdictional requirements are satisfied and the removal is timely. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). If there is doubt concerning the jurisdictional basis for removal, that doubt must be resolved in favor of remand to the state court. *See Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006).

1

28 U.S.C. § 1332(a)(1) states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." Accordingly, the two requirements of diversity jurisdiction are: (1) diversity of citizenship, and (2) that the amount in controversy exceeds $75,000.

The party seeking to invoke federal jurisdiction "bears the burden of demonstrating that the requirements for diversity are met." *Smart v. Local 702 Intern. Broth. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). At the same time, in any case premised on diversity jurisdiction, this Court must "independently determine whether the parties meet the diversity and amount in controversy requirements of 28 U.S.C. § 1332." *Thomas v. Guardsmark, LLC*, 487 F. 3d 531, 533 (7th Cir. 2007). In other words, the party invoking federal jurisdiction bears the burden of proof, but the Court must independently analyze jurisdiction even if it is not challenged.

In order to satisfy the diversity of citizenship requirement, "complete diversity" must be established—no plaintiff and defendant can be a citizen of the same state. *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006). A "naked declaration that there is diversity of citizenship is never sufficient." *Thomas*, 487 F.3d at 533. Rather, the citizenship of each party to the litigation must be identified. *Id.* For diversity jurisdiction purposes, an individual is a citizen of the state in which that individual is domiciled, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012); *America's Best Inns v. Best Inns of Abilene*, 980 F. 2d 1072, 1074 (7th Cir. 1992) (per curiam), and the citizenship of a limited liability corporation ("LLC") is the citizenship of each of its members, *Thomas*, 487 F.3d at 534.

## II. Analysis

PLA-FIT urges the Court to exercise diversity jurisdiction because "complete diversity exists," Not. of Removal ¶ 11, between Plaintiff Otterness, a resident of Illinois, and the defendants: PLA-FIT, an LLC "none of [whose] members is a citizen of Illinois," *Id.* ¶ 8; and PF East Moline, an LLC "each member of which is a citizen of either Minnesota or North Dakota." *Id.* ¶ 10. However, PLA-FIT insufficiently alleges diversity of citizenship as to Otterness, itself, and PF East Moline.

### A. Otterness's Citizenship

The Notice of Removal does not provide enough information for the Court to determine Otterness's citizenship. "In federal law citizenship means domicile, not residence." *America's Best*, 980 F.2d at 1074 (citing *Gilbert v. David*, 235 U.S. 561 (1915)). Here, the Notice of Removal alleges only that Plaintiff is "a member of the Planet Fitness Gym in Moline, Illinois," used the gym "almost daily," and is "a resident of Illinois," Not. of Removal ¶ 7, as does the Complaint Barnhill filed in state court, Not. of Removal, Ex. 1, ¶¶ 8, 43; ECF No. 1-1. Defendant has therefore failed to establish Barnhill's citizenship for purposes of diversity jurisdiction. *Heinen.*, 671 F.3d at 670 ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient.").

### B. PLA-FIT's Citizenship

Defendants allege that PLA-FIT is a citizen of New Hampshire since it is "a limited liability entity organized and existing under the laws of the state of New Hampshire" and "[u]pon information and belief, none of its members is a citizen of Illinois." Not. of Removal ¶ 8, ECF No. 1. This, however, is not sufficient to establish citizenship of a partnership. A

3

naked declaration that there is diversity of citizenship is "never sufficient." *Thomas*, 487 F.3d at 533; see *America's Best*, 980 F. 2d at 1074 (dismissing for lack of subject matter jurisdiction where litigant alleged "no partner is a citizen of Illinois" but did not identify the citizenship of each partner). As in *America's Best Inns*, PLA-FIT does not identify its citizenship, and offers only a naked declaration of diversity.

The Seventh Circuit insists upon "scrupulous adherence to the limitations on the subject-matter jurisdiction of the federal courts." *Meyerson v. Harrah's East Chicago Casino*, 299 F. 3d 616, 616-17 (7th Cir. 2002). And when a party's citizenship depends on the citizenship of its members, then every member's citizenship must be identified and traced through, no matter how many members or layers there may be. *Id*. at 617. Specifically, when one of the parties is an LLC, "a federal court… needs to know each member's citizenship, and if necessary each member's member's citizenships." *Hicklin Engineering, LC v. Bartell*, 439 F.3d 346, 347–48 (7th Cir. 2006). In short, the citizenship of each party must be identified. *Thomas*, 487 F.3d at 533. As it stands, PLA-FIT's complete citizenship status is unknown.

### C. PF East Moline

Defendants allege that PF East Moline[1] is a limited liability company, "each member of which is a citizen of either Minnesota or North Dakota, and none of whom is a citizen of Illinois," but fail to identify each member of the LLC. Not. of Removal ¶ 10. As with PLA-FIT, this is insufficient to support a claim of subject matter jurisdiction based on diversity. Because

---

[1] Defendants claim that PF East Moline, LLC is the actual franchisee and operator of the Planet Fitness Gym located at 3624 Avenue of the Cities, Moline, Illinois, 61265, and therefore the real party of interest to this case—not MBM Fitness Management LLC. Not. of Removal ¶ 9. The Court notes, however, that despite referencing it in the Notice of Removal (at ¶ 9), Defendants have not attached the PF East Moline, LLC franchise agreement as an exhibit to the Notice of Removal. *See* Not. of Removal, ECF No. 1 (no Exhibit 4 attached).

PF East Moline is an LLC, the Court needs to know each member's citizenship, as with PLA-FIT. *Hicklin Engineering*, 439 F.3d at 347–8.

## CONCLUSION

As discussed above, Defendants' Notice of Removal does not provide sufficient factual allegations to establish that complete diversity of citizenship exists between the parties. The Court therefore ORDERS Defendants to file an amended notice of removal with factual allegations, assuming they exist, that address the inadequacies described above no later than January 20, 2015. Defendant PLA-FIT Franchise, LLC's Motion for Extension of Time to File Answer, ECF No. 4, is FOUND MOOT. If, after considering Defendants' amended notice of removal, the Court determines that it has subject matter jurisdiction over the present matter, the Court will set a preliminary briefing schedule establishing deadlines for any responsive pleadings and/or class certification responses and replies.

Entered this 6th day of January 2015.

s/ Sara Darrow<br>
SARA DARROW<br>
UNITED STATES DISTRICT JUDGE